[No. 21196. Department One. September 5, 1928.]

WILL MAYLON *et al., Respondents,* v. OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, *Appellant.*[1]

*Charles E. Swan,* for appellant.
*Robertson, Paine & Schaaf,* for respondents.

TOLMAN, J.—Respondents, being the insured under a Mercantile Safe Policy issued by the appellant, and having suffered what they conceived to be a loss under

[1]Reported in 270 Pac. 96.

the policy, sued as plaintiffs to recover upon two causes of action. First, one thousand dollars, the amount of the policy on that item, for money, securities and merchandise feloniously taken from the safe, insured after the outer door had been broken open by force and violence in the manner covered by the policy; and, second, for damages to the safe itself caused by the act of so forcing it open.

The case was tried to the court sitting without a jury, and resulted in findings and conclusions favorable to the plaintiffs and a judgment against the defendant as prayed for. The defendant by this appeal questions only the judgment on the first cause of action.

The policy, among other things, provides:

"Agrees to Indemnify the Assured

"I. For All Loss by Burglary of money, securities and merchandise as hereinafter defined, by its abstraction from within that part of any safe or vault to which the insurance under this policy applies, by any person or persons making felonious entry into such safe or vault by actual force and violence of which force and violence there shall be visible marks made upon such safe or vault by tools, explosives, electricity, gas or other chemicals, while such safe or vault is duly closed and locked and located in the Assured's premises, described in the Schedule, or located elsewhere after removal therefrom by burglars. . . .

"The Company Shall Not be Liable For Loss of or Damage to . . .

"(7) Money, Securities or Merchandise from within any safe containing a chest or compartment of any description unless both the safe and the chest or compartment shall have been entered in the manner specified in Indemnity Paragraph I; . . .

"Schedule . . .

"(8) (No vault, chest, safe, or compartment thereof, shall be considered 'Burglar-Proof' unless it shall have solid steel walls at least one inch in thickness and a door or doors containing solid steel at least one and one-half inches in thickness exclusive of bolt work.)

"The Safe or Safes are described and designated as follows:

Safe No. 1

(a) Maker's name.......Victor Safe & Lock Co.   (a) ..............................

(b) Safe number, style or letter.................(b) 82058

(c) The safe proper is 'Fire-Proof' only or 'Burglar-Proof' only or 'Fire-Proof' with 'Burglar-Proof' chest (state which).........(c) Burglar proof

(d) Thickness of solid steel in outer safe door, exclusive of bolt work.......................(d) 3½ inches

(e) Thickness of solid steel in middle door (if any) exclusive of bolt work.................(e) ...............inches

(f) Thickness of solid steel in inner chest door (if any) exclusive of bolt work..............(f) 2½ inches

(g) The doors of the safe are locked by combination locks as follows: (1) Outer safe door, (g) comb. (2) Middle door, (3) Inner chest door.......  comb.

(h) The safe was purchased new or second-hand..(h) 2nd hand.

(i) The safe was originally bought of the manufacturer in the year of......... ...............(i) ..............................

(j) Price paid for safe by assured...............(j) $..........................

(k) The safe is or is not within the vault described in Item 9...........................(k) No."

While appellant has assigned error upon some of the findings of fact, yet the facts are but little in dispute. There is no denial of the facts of the feloniously blowing open of the outer safe door, or of the taking and carrying away of money and securities greatly in excess of the amount fixed in the policy; and so far as the facts found are at all questioned, that question seems to go only to the sufficiency of the proof that the safe was, by respondents, shown to be a burglar-proof safe, under the definition contained in the policy. There appears to be no question but that this safe is the safe described by name and number in the policy; and if, by misrepresentation, concealment or fraud, the appellant was deceived as to its burglarproof qualities, it would seem that such a defense should be pleaded and proof offered to sustain it. We find no such defense tendered and no such proof offered.

On the contrary, one of the respondents testified that the outer door of the safe was some three and one half inches thick, but that it was not wholly of steel, as it contained a concrete lining. No attempt was made on cross examination to show how much of the three and one half inches was steel and how much concrete. And there was no suggestion made, and there is now no inference to be drawn, that the solid steel in the door was less than one and one half inches in thickness, exclusive of the bolt work, as the policy requires a burglar-proof safe to be. Presumably, the policy was issued with full knowledge, and as fraud is never presumed, the inference is that the door of the safe conformed to the specifications contained in the policy.

The next and the main question presented calls for a construction of the policy. It appears that, within the safe, there was kept a steel chest, but that the insured did not have the combination to the chest, used it only for papers, never locked it, and habitually kept their money in the drawers, pigeon holes, or compartments, which were opened and closed by the opening and closing of the main doors to the safe; and that the money lost on this occasion was taken from such compartments and not from the inner chest.

From these facts, appellant would have us hold that the inner chest, not having been forcibly and violently broken open and the money not having been abstracted therefrom, there was no loss under the policy. We think there are two good and sufficient answers to this contention.

(1) The printed form of policy is evidently a stock form, designed for use in insuring three distinct and different kinds of safe; no doubt with the premium adjusted in each instance to the particular kind of safe insured according to the risk. Line (c) of the schedule is placed there for the purpose of showing which one

of the three different kinds or varieties of safe is covered by the policy; and the answer to the question contained in line (c) determines the kind or variety of safe covered, the nature of the risk and probably what premium should be paid.

If a "fire-proof only" safe is insured, no doubt the premium is fixed accordingly. If the safe be "fire-proof with burglar-proof chest," the nature of the risk is different and without doubt the premium is adjusted accordingly, but where, as here, the safe is "burglar-proof," as shown by the answer typewritten in the space provided in the printed form of policy, as burglar-proof is defined in the preceding paragraph of the policy, then the presence or absence of an inner chest become wholly immaterial. What was insured was the contents of a burglar-proof safe, having walls and doors as specified, and the earlier words of the policy "within any safe containing a chest" do not apply; those words being intended only to apply to class three, i. e., "fire-proof safe with burglar-proof chest."

█ (2) While the construction just given to the policy seems to us sound, logical and unassailable, there is still a second answer and that is the one urged by respondents in their brief and argument; and it, we think, is equally sound and logical. That answer is that, if a policy be uncertain or ambiguous, it must be construed strictly against the insurer under all authority. *Algoe v. Pacific Mutual Life Ins. Co.*, 91 Wash. 324, 157 Pac. 993; *Mountain Timber Co. v. Lumber Ins. Co.*, 99 Wash. 243, 169 Pac. 591. Therefore, the second paragraph quoted from the policy must be held to mean either a chest or a compartment; and if either a chest or a compartment within the safe be entered by force and violence and money be abstracted therefrom, then the policy applies. In this case the compartments within the safe in which the money was kept were

opened by force and violence when the main doors of the safe were opened and by the same act. Therefore, we must hold that the loss was within the terms of the policy.

As demonstrating the soundness of both of these answers, it is necessary only to consider what construction must necessarily be given the policy if the safe had been described as a "fire-proof only." No one would contend that the words "chest" or "inner chest" could then possibly apply; and if not, plainly those words apply only to the class of safes designated as "Fire-Proof with Burglar-Proof Chest."

Appellant cites many authorities; but, by reason of the difference of the wording of the policies, we think none is in point here beyond the general holding— which we do not dispute—that, when the terms of a policy are clear and unambiguous they must be given force and effect. There being no clear and unambiguous provisions in the policy here considered limiting liability only to the contents of an inner chest, or requiring the insured to keep the property covered locked in such inner chest, the judgment appealed from is right, and it is therefore affirmed.

FULLERTON, C. J., PARKER, FRENCH, and MITCHELL, JJ., concur.